IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**RAYNALD THELEMAQUE**                                                 **PETITIONER**

**v.**                         **CIVIL ACTION NO. 5:20-cv-103-DCB-MTP**

**WARDEN SHAWN GILLIS**                                      **RESPONDENT**

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on Raynald Thelemaque's Petition for Writ of Habeas Corpus [1] pursuant to 28 U.S.C. § 2241. Having considered the parties' submissions and the applicable law, the undersigned recommends that the Petition [1] be denied.

## BACKGROUND

On July 13, 1975, Petitioner—a citizen of Haiti—was admitted to the United States as a lawful permanent resident. *See* [8-1] at 1. On June 20, 2008, Petitioner was convicted of sexually abusing a minor. *Id.* On April 25, 2017, Petitioner was taken into Immigration and Customs Enforcement ("ICE") custody. *Id.* On October 22, 2018, an Immigration Judge ordered Petitioner removed from the United States to Haiti. *Id.* Petitioner appealed this decision to the Board of Immigration Appeals ("BIA"), and on April 9, 2019, the BIA dismissed Petitioner's appeal. *Id.* at 2.

On May 8, 2019, Petitioner appealed the BIA's decision to the United States Court of Appeals for the Second Circuit. *Id.* Petitioner filed a motion to stay his removal, and pursuant to a forbearance agreement between ICE and the Second Circuit, ICE halted its efforts to remove Petitioner. *Id*; *see also In re Immigration Petitions for Review*, 702 F.3d 160, 162 (2d Cir. 2012) ("While a petition [for review] is pending in this Court, the Government's forbearance policy has assured that removal will not occur.").

1

On April 14, 2020, Petitioner filed the instant Petition arguing that his extended detention in ICE custody is unlawful under the Supreme Court's holding in *Zadvydas v. Davis*, 533 U.S. 678 (2001). On May 21, 2020, the Government filed a Response [8] objecting to the Petition.

## ANALYSIS

8 U.S.C. § 1231(a)(1)(A) provides that the Government has ninety days after an order of removal becomes final to deport the alien. "During the removal period, the Attorney General shall detain the alien." 8 U.S.C. § 1231(a)(2). The Supreme Court has held that detention of aliens beyond this ninety-day period is acceptable up to six months. *See Zadvydas v. Davis*, 533 U.S. 678, 701 (2001). This, however, does not mean that every alien not removed after six months must be released. "After this 6-month period, once the alien provides good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut the showing." *Id*. "[A]n alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." *Id*.

"The alien bears the initial burden of proof in showing that no such likelihood of removal exists." *Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006). This burden does not require the alien to show that deportation will prove "impossible" or "show the absence of *any* prospect of removal—no matter how unlikely or unforeseeable . . . ." *Zadvydas*, 533 U.S. at 702. "In order to shift the burden to the Government, an alien must demonstrate that the circumstances of his status or the existence of the particular individual barriers to his repatriation to his country of origin are such that there is no significant likelihood of removal in the foreseeable future." *Galtogbah v. Sessions*, 2019 WL 3766280, at *2 (W.D. La. June 18, 2019). However, "an alien's claim must be supported by more than mere speculation and conjecture." *Id*. (internal

2

quotations and citation omitted).  Once the alien has met his initial burden, the burden shifts to the Government to "respond with evidence sufficient to rebut the alien's showing." *Zadvydas*, 533 U.S. at 701.

Pursuant to *Zadvydas*, it is presumptively constitutional for an alien to be detained for six months after the removal period begins. 533 U.S. at 701; *see also Agyei-Kodie v. Holder*, 418 Fed. App'x 317, 318 (5th Cir. 2011).

The removal period begins on the latest of the following:

(i) The date the order of removal becomes administratively final.

(ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.

(iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement

8 U.S.C. §1231(a)(1)(B).

As previously mentioned, Petitioner filed a motion to stay his removal in the Second Circuit.  Pursuant to § 1231(a)(1)(B), the removal period would not have begun had the Second Circuit entered an order staying Petitioner's removal.  But, the Second Circuit did not enter such an order.  Instead, ICE halted its removal efforts pursuant to a forbearance agreement.  This raises the question of whether the filing of a motion to stay removal, combined with a forbearance agreement, prevents the start of the removal period.  No binding authority has answered this question, and the district courts of the Second Circuit are divided on the issue. *Compare Falodun v. Session*, 2019 WL 6522855 (W.D.N.Y. Dec. 4, 2019) *with Brathwaite v. Barr*, 2020 WL 4380666 (W.D.N.Y. July 31, 2020).[1]

---

[1] Some courts have determined that, under the circumstances created by the forbearance policy, moving for a stay of removal prevents the start of the removal period, while other courts have determined that a formal order from the Second Circuit is required.

3

The Government, however, asserts that the Court need not resolve this issue. The Government argues that, regardless of whether the removal period has begun, Petitioner is not entitled to habeas relief because he has failed to show there is no significant likelihood of removal in the reasonably foreseeable future. The undersigned agrees.

The Government asserts that once the Second Circuit rules on Petitioner's appeal, ICE will remove him to Haiti. The Government submits a Declaration by Supervisory Detention and Deportation Officer Ian Spino stating: "The Haitian Consulate is generally cooperative in issuing travel documents for its citizens, and ICE regularly removes to Haiti. Once a travel document is issued, there is no foreseeable impediment to Petitioner's removal." *See* [8-1] at 2.

For his part, Petitioner does not quibble with Spino's assertions, but argues that the forbearance agreement, and the resulting delay in removal, make it unlikely that he will be removed in the reasonably foreseeable future. *See* [1] at 9. Courts, however, have held that the forbearance agreement, without more, does not give petitioners a basis to argue that there is no significant likelihood of removal in the reasonably foreseeable future. *See Brathwaite*, 2020 WL 4380666, at *13 (holding that petitioner failed to show that the Government would be unable to remove him within a reasonable time after the resolution of his appeal before the Second Circuit); *McPherson v. Holder*, 2015 WL 12861171, at *4 (D. Mass. March 4, 2015) ("It is reasonably foreseeable then that once the appeal [in the Second Circuit] is resolved, if it is resolved in the government's favor, petitioner will be removed"); *Brodyak v. Davies*, 2015 WL 1197535, at *3 (D.N.J. March 16, 2015) ("As the judicial review process, which Petitioner initiated, has a definite and evidently impending termination point, and nothing in the record suggests that Petitioner could not be expeditiously deported as soon as his challenge is decide by

the Second Circuit, the forbearance agreement in and of itself does not warrant *Zadvydas* relief.").

Moreover, on December 2, 2020—after the parties completed briefing in this action—the Second Circuit denied Petitioner's appeal. *See Thelemaque v. Barr*, No. 19-1349 (2d Cir. Dec. 2, 2020). Thus, the forbearance agreement is no longer preventing Petitioner's removal, and Petitioner has failed to show any remaining barriers to his removal now that his appeal is resolved.

## RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the relief sought in the Petition for Writ of Habeas Corpus [1] be DENIED and that this action be DISMISSED with prejudice.[2]

## NOTICE OF RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party. The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within ten days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by

---

[2] By so recommending, the undersigned does not suggest that Petitioner may be held indefinitely or that he is precluded from applying for relief if it becomes unlikely that he will be removed in the reasonably foreseeable future.

the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

This the 4th day of December, 2020.

s/ Michael T. Parker
United States Magistrate Judge
