IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

RAYNALD THELEMAQUE                                          PETITIONER

v.                      CIVIL ACTION NO. 5:20-cv-103-DCB-MTP

WARDEN SHAWN GILLIS                                         RESPONDENT

ORDER

    This matter is before the Court on Magistrate Judge Michael T. Parker's Report and Recommendation [ECF No. 9]. No party filed objections to the Report and Recommendation, and the deadline for filing such objections has passed. Having carefully reviewed the Report and Recommendation, the Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2241 [ECF No. 1], the Respondent's Response in Opposition to the Petition for Writ of Habeas Corpus [ECF No. 8], other filings in this matter, and applicable law, the Court finds the Report and Recommendation to be well taken.

    In October 2018, an immigration judge entered an order of removal against Petitioner to his native Haiti. Since then, Petitioner has unsuccessfully exhausted appeals of that order up to, most recently, the United States Second Circuit Court of

Appeals.  Thelemaque v. Barr, No. 19-1349 (2d Cir. 2019)(PACER site last visited Jan. 5, 2021).  During the pendency of his appeals and while held in Immigration and Customs Enforcement ("ICE") custody at the Adams County Detention Center, Petitioner filed the Petition for Writ of Habeas Corpus now at issue.  [ECF No. 1].  Petitioner argues that his extended detention in ICE custody is unlawful under the United States Supreme Court's holding in Zadvydas v. Davis, 533 U.S. 678 (2001).  [ECF No. 1 ¶¶ 15-20].  However, given the final denial of Petitioner's appeal before the United States Court of Appeals for the Second Circuit, see Thelemaque, No. 19-1349 (denials entered Aug. 11, 2020 at docket nos. 73 & 74, and mandate issued Oct. 2, 2020 at docket no. 77), the uncontested evidence of the Haitian Consulate's general cooperation in the issuance of travel documents, see Declaration of Ian Spino, [ECF No. 8-1] ¶ 12, and the absence of any objection from Petitioner to the Report and Recommendation, the Court finds that Petitioner has failed to show that there is no significant likelihood of his removal to Haiti in the reasonably foreseeable future.  Petitioner has not met his burden of proof under Zadvydas, and his Petition for Writ of Habeas Corpus is denied.  As noted in the Report and Recommendation, the Court's dismissal with prejudice of the Petition does not suggest that Petitioner may be held indefinitely or that he is precluded from applying for relief if

it becomes unlikely that he will be removed in the reasonably foreseeable future. [ECF No. 9, n.2].

Accordingly,

IT IS HEREBY ORDERED that the Magistrate Judge's Report and Recommendation [ECF No. 9] is ADOPTED as the findings and conclusions of this Court; and

IT IS FURTHER ORDERED that the Petition for Writ of Habeas Corpus [ECF No. 1] is DISMISSED with prejudice.

A separate judgment will be entered in accordance with Federal Rule of Civil Procedure 58.

SO ORDERED this the 8th day of January, 2021.

/s/ David Bramlette_____
UNITED STATES DISTRICT JUDGE